IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VALENTINA KOLODRIVSKIY,

    Plaintiff,                                              CIV. NO. S-11-0371 GEB GGH PS

  vs.

WACHOVIA BANK, MORTGAGE, et al.,

    Defendants.                                              <u>ORDER</u>

_____/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). It was removed from state court on February 9, 2011. On July 11, 2011, defendant Wachovia Bank Mortgage ("Wachovia") was dismissed from the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's claims against defendant ETS Services, LLC ("ETS") remain pending.

        On August 8, 2011, Wachovia filed a motion for attorneys' fees. Local Rule 293 provides that "[m]otions for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days *after entry of final judgment*." L.R. 293(a)

////

////

////

1

(emphasis added).  See also Fed. R. Civ. P. 54(d)(2).[1]  However, no final judgment has been entered in this case.  The Court's July 11, 2011 order dismissing plaintiff's claims against Wachovia with prejudice does not qualify as a final judgment, because it does not adjudicate all the parties' rights and liabilities in the entire action.  Importantly, the order did not address the pending claims against ETS.

Under some circumstances, a court may direct the entry of a partial final judgment.  Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  However, the Ninth Circuit has held that "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).  In the absence of an entered judgment, "any order...however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties...." Rule 54(b).

The Court did not, in its July 11, 2011 order, direct the entry of a partial final judgment. Accordingly, Wachovia's motion for attorneys' fees is premature.[2]  See e.g. RD Legal

---

[1] Under Federal Rule of Civil Procedure 54(d)(2), a fee motion must be filed no later than 14 days after entry of judgment.  However, district courts are permitted to establish special procedures for fee-related issues by local rule.  Fed. R. Civ. P. 54(d)(2)(D).

[2] Wachovia's reliance on Garzon v. Varese, 2011 WL 103948 (C.D. Cal. Jan. 11, 2011) for the proposition that a Rule 41(b) dismissal with prejudice allows fees to the prevailing party is misplaced.  Garzon is inapposite, because it only involved one plaintiff and one defendant, and

1  Funding, LLC v. Erwin & Balingit, LLP, 2010 WL 1416968, at *1-2 (S.D. Cal. Apr. 8, 2010)
2  (denying a plaintiff's motion for entry of partial judgment as to some defendants, and for
3  attorneys' fees, where claims against another defendant remained pending); Camellia Park
4  Homeowners Assoc. v. Greenbriar Homes Co., 882 F. Supp. 150, 150-51 (N.D. Cal. 1995)
5  (denying fee motion brought after summary adjudication of certain claims where other claims
6  remained unresolved).

   For the reasons discussed above, IT IS ORDERED that:

   1.  Wachovia's motion for attorneys' fees (dkt. no. 18) is DENIED WITHOUT PREJUDICE.  Wachovia may re-file its motion after the entry of a final judgment in this action in accordance with L.R. 293.

   2.  The hearing on this motion currently set for September 15, 2011 at 10:00 a.m. is VACATED.

DATED: September 12, 2011

          /s/ Gregory G. Hollows
         UNITED STATES MAGISTRATE JUDGE

GGH:wvr
Kolodrivskiy0371.Fees.wpd

---

the order at issue disposed of the entire case.  Garzon did not address the timeliness of a fee motion brought after an order adjudicating fewer than all the parties' rights and liabilities in the action.